UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br><br>KIRK J. LINENFELSER,<br><br>Debtor<br>_____<br><br>WILSON BROS.-HANOVER, INC.,<br><br>Plaintiff<br>vs.<br><br>KIRK J. LINENFELSER,<br><br>Defendant | Chapter 7<br><br>Bankruptcy No. 22-00283<br><br><br><br><br><br>Adversary No. 22-09024 |

## Opinion and Order on Dischargability of Debt

The matter before the Court in this adversary proceeding is the dischargability of the debt Kirk J. Linenfelser owes to Wilson Bros.-Hanover, Inc. under 11 U.S.C. § 523(a)(4) or (6). This case is a core proceeding under 28 U.S.C. § 157(b)(2). A trial on this matter was held on June 13, 2023, in Dubuque, Iowa. Gina L. Kramer and Craig A. Brown represented Plaintiff Wilson Bros.-Hanover, Inc. ("Wilson Bros.") and Dustin Abraham Baker represented Defendant Kirk Linenfelser. The Court took that matter under advisement and received simultaneous post-trial briefs.

### I. Statement of the Case

Wilson Bros. filed their adversary complaint on August 17, 2022, objecting to the dischargability of Linenfelser's debt under 11 U.S.C. § 523(a)(4) and 11 U.S.C. § 523(a)(6). Wilson Bros. alleged that Linenfelser stole more than $104,000 from them over 3 years' time through a scheme of ordering a variety of goods for himself

and billing Wilson Bros.' ordering account. Linenfelser argued that both counts fail because he was authorized to make the orders that he did. This case presented stark and irreconcilable testimony from each side. For the reasons that follow, the Court determines the debt at issue is nondischargeable.

## II. Findings of Fact

While many facts are disputed, the parties identified two key contested facts: (1) whether Linenfelser placed the orders without authorization, billed Wilson Bros., and either kept the parts for himself or sold them and kept the proceeds, and (2) whether Defendant signed paperwork admitting to the scheme. The record supports a finding in favor of Wilson Bros. on both key facts.

Wilson Bros. employed Linenfelser from November 17, 2014 until September 9, 2019 on a full-time basis as a mechanic. Linenfelser had the authority to order automobile parts, tools, and accessories to service Wilson Bros.' customers. During Linenfelser's employment, he placed multiple orders for parts that were not used for Wilson Bros.

Wilson Bros. paid $48,156.46 to Galena Auto Parts for automobile parts, tools, and accessories. Wilson Bros. paid $52,299.55 to Fastenal Company for automobile parts, tools, and accessories. Wilson Bros. paid another $3,686.14 for tools from a third-party supplier. All the order invoices that were presented into evidence all indicated that the deliveries should be made with "Attention: KIRK." See Pl. Exs. 2–5. These parts were for Linenfelser's own personal motorcycle and for his own personal use or sale. He also ordered other items including chainsaws, computers, a toolbox, and a gas tank that were not used for Wilson Bros. work.

Upon discovery of the scheme in June of 2019, Wilson Bros.' representatives confronted Linenfelser. They ultimately entered into a private agreement to "make-whole" through Linenfelser's continued employment. He agreed to repay a total of

2

$104,142.15. See Pl. Exs. 6, 7. Linenfelser left his employment shortly after without paying anything towards his debt and has now filed this bankruptcy case.

Wilson Bros. offered the testimony of John Wilson, Roseann Schromen (Wilson), and Jake Connor. John and Roseann Wilson are the owners of Wilson Bros. Jake Connor was the Service Parts Manager for Wilson Bros. at the time. Their testimony was consistent with the above facts. All three were signatories to the private agreement with Linenfelser. See Pl. Exs. 6, 7. All three independently testified that they witnessed Linenfelser sign the agreement. All three independently testified that when Linenfelser was confronted, he cried, spoke about his family, and stated, "I don't know why I keep doing this."

Linenfelser offered his own testimony to counter these accusations. He attempted to shift the blame onto others, like Alex Wilson—John Wilson's son. He consistently denied signing the repayment plan. Linenfelser also testified that he didn't recall placing some of the orders at issue. Linenfelser suggested the missing parts and supplies were actually ordered or used in a business owned by Alex Wilson. He never previously suggested this is what happened until he testified at trial. Linenfelser could not pick out even one line item in a large stack of invoices that he did not order and use for his own purposes. He did not put on any credible evidence that the allegations directed at him were wrong.

Based on a totality of the evidence and testimony presented at trial, this Court finds that Linenfelser's testimony is not credible. Three people testified independently that he signed the private agreement. The document, while not notarized, had the signatures of all the people who testified under oath about the matter. Further, the private agreement stipulates to the amount of money Linenfelser would need to pay back and characterizes the events as "theft." Taken all together, the Court concludes that Linenfelser did in fact sign the private agreement and thereby admitted to the taking of Wilson Bros. property.

### III.  Conclusions of Law and Discussion

Linenfelser first argued the case should not have gone to trial and should have been dismissed.  The Court will briefly address that argument first, even though the Court held a full trial.

**A. Motion to Dismiss**

Federal Rule of Bankruptcy Procedure 7012 incorporates Federal Rule of Civil Procedure 12(b)–(i) for application in adversary proceedings. Rule 12(b)(6) provides that a defendant may seek to dismiss a complaint when the complaint fails to state a claim upon which relief can be granted. The Supreme Court has held that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 678–79; see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); In re DeWall, 2022 WL 1013345, at *2 (Bankr. N.D. Iowa Mar. 30, 2022).

In pleading claims that involve fraud, Rule 9(b) sets forth the applicable standard: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); see also Fed. R. Bankr. P. 7009 (incorporating this Rule in the bankruptcy context). This rule "must still be read in light of the liberal pleading requirement of Rule 8." Glidepath Holding B.V. v. Spherion Corp., 590 F. Supp. 2d 435, 451 (S.D.N.Y. 2007).  Linenfelser argues that Wilson Bros. failed to satisfy the applicable requirements and in his Answer to the Complaint, he requests that the matter be dismissed.  He reiterated this position at trial.  Here, the complaint set forth the dates of the alleged conversion as well as the exact dollar amounts of the ordered property.

4

Doc. 1. The complaint further specifies exactly which Bankruptcy Code sections under which the claims arose. The complaint also alleges that Linenfelser admitted to the conversion and agreed to reimburse Wilson Bros. for the ordered items. The complaint, with the allegations accepted as true, sufficiently plead all factual matter and dismissal is not automatically appropriate here.

### B. Count I: Fraud in Fiduciary Capacity, Embezzlement, Larceny

Section 523(a)(4) of the Bankruptcy Code governs Wilson Bros. Count 1: "A discharge . . . does not discharge an individual debtor from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . ." 11 U.S.C. § 523(a)(4). Embezzlement is "the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come." In re Phillips, 882 F.2d 302, 304 (8th Cir.1989). To establish embezzlement, Plaintiff must prove: (1) Debtor was entrusted with property or lawfully came into possession of property of another; (2) Debtor was under a prior restraint, whether written or verbal, as to the use of the property; and (3) the terms of restraint were violated by Debtor's use of the property. In re Belfry, 862 F.2d 661, 663 (8th Cir.1988); see also In re Vandaver, Adv. No. 99–9188–C, slip op. at 6 (Bankr. N.D. Iowa April 10, 2000).

Wilson Bros. carried its burden of proof for embezzlement under § 523(a)(4). Based on the record as outlined above, Wilson Bros. demonstrated that (1) Linenfelser was one of the few employees entrusted with the responsibility of ordering parts for the business, (2) Linenfelser was able to order parts *only* for use of Wilson Bros.' customers, and (3) Linenfelser's personal use of the ordered parts was a violation of his employment relationship with Wilson Bros. Wilson Bros. paid for the items detailed on Exhibits 2–5 but never received them. Linenfelser took the items and did so with intent to convert the items to his own use. Linenfelser did not have consent from his employer to do so. The Court concludes that Wilson

Bros. met its burden of proof and that the exception to discharge under § 523(a)(4) should apply in this case. This evidence also satisfies the standards for fraud, defalcation of fiduciary, and larceny as well.

### C. Count 2: Willful and Malicious Injury

Count 2 of the Complaint falls under § 523(a)(6), which states, "[a] discharge . . . does not discharge an individual debtor from any debt for willful and malicious injury by the debtor to another entity . . . ." 11 U.S.C. § 523(a)(6). The Court concludes the same evidence noted above satisfies Wilson Bros.' burden under § 523(a)(6). It thus provides an additional basis for finding the debt nondischargeable.

### IV. CONCLUSION

For the reasons stated, Wilson Bros.' claim in the amount of $104,142.15 is nondischargeable. Further, Linenfesler's arguments for dismissal are hereby denied. IT IS SO ORDERED.

Ordered:
October 4, 2023

Thad J. Collins
Chief Bankruptcy Judge